**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

CHARLES W. COOK, III,

Petitioner,

v. Case No. 3:23-cv-711-WWB-SJH

SECRETARY, DEPARTMENT OF CORRECTIONS,

Respondent.

---

# ORDER

THIS CAUSE is before the Court on Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in Custody Pursuant to a State Court Judgment ("**Petition**," Doc. 1) and Memorandum of Law (Doc. 1-1), Respondent's Response to the Petition (Doc. 6), and Petitioner's Reply (Doc. 7). For the reasons stated in this Order, the Petition will be dismissed as untimely.

## I. PROCEDURAL HISTORY

On December 8, 2014, the State of Florida charged Charles W. Cook, III ("**Cook**") by amended information with one count of lewd or lascivious molestation and two counts of sexual battery on a person less than twelve years of age. (Doc. 6-1 at 13). On December 10, 2014, a jury found Cook guilty as charged in count one.[1] (*Id.* at 23–25). On March 3, 2015, the trial court sentenced Cook to twenty-five years in prison followed by a five-year term of probation. (*Id.* at 38–45). On September 20, 2016, Florida's Fifth

---

[1] When the trial court denied Cook's motion for a new trial as to count one, it noted that a separate trial would be scheduled on the two other counts. (*See* Doc. 6-1 at 31).

District Court of Appeal ("**Fifth DCA**") per curiam affirmed Cook's conviction and sentence without a written opinion, *see Cook v. State*, 205 So. 3d 612 (table) (Fla. 5th DCA 2016), denied rehearing on November 14, 2016, and issued the mandate on December 5, 2016. (Doc. 6-1 at 145–157).

On January 31, 2018 (mailbox[2]), Cook filed a pro se motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, which he amended on November 29, 2018. (Doc. 6-1 at 163–251, 354–355). After entering an interim order on the motion on May 21, 2019, and holding an evidentiary hearing on February 5 and 7, 2020, the trial court entered a final order denying Cook's amended Rule 3.850 motion on February 25, 2020. (*Id.* at 357–381, 814–837, 845–862). On March 13, 2020, with counsel's assistance, Cook appealed the trial court's evidentiary hearing rulings. (*Id.* at 1429). On April 14, 2020, the Fifth DCA dismissed the appeal pursuant to Florida Rule of Appellate Procedure 9.410 for failure to prosecute and failure to respond to the court's March 31, 2020 order to show cause. (*Id.* at 1435).

On March 24, 2022 (mailbox), Cook filed a pro se petition for a belated appeal of the denial of his amended Rule 3.850 motion pursuant to Florida Rule of Appellate Procedure 9.141. (*Id.* at 1437–1438). On June 22, 2022, the Fifth DCA construed the petition as a motion to reinstate the appeal, granted it, and directed Cook to file an amended notice of appeal. (*Id.* at 1448–1449). On May 30, 2023, the Fifth DCA per curiam affirmed the denial of Cook's amended Rule 3.850 motion without a written opinion, *see Cook v. State*, 361 So. 3d 869 (table) (Fla. 5th DCA 2023), and issued the

[2] *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (mailbox rule).

mandate on June 23, 2023. (*Id.* at 1486–1488). On June 13, 2023 (mailbox), Cook filed the instant Petition. (Doc. 1 at 1).

## II. LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 ("**AEDPA**") imposes a one-year statute of limitations on petitions for writ of habeas corpus. Specifically, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

## III. ANALYSIS

Respondent contends that Cook has not complied with the federal one-year limitations period set forth in 28 U.S.C. § 2244(d). (*See* Doc. 6). On September 20, 2016,

the Fifth DCA per curiam affirmed Cook's conviction and sentence without a written opinion and denied rehearing on November 14, 2016. (Doc. 6-1 at 145–157). Because Florida law does not permit the Florida Supreme Court to review an affirmance issued without a written opinion, *see* Fla. R. App. P. 9.030(a)(2), Cook's conviction and sentence became final when the time for filing a petition for certiorari review in the United States Supreme Court expired. *See Chamblee v. Florida*, 905 F.3d 1192, 1198 (11th Cir. 2018); *Chavers v. Sec'y, Fla. Dep't of Corrs.*, 468 F.3d 1273, 1274–75 (11th Cir. 2006) (stating that "[t]he judgment becomes 'final' on the date in which the United States Supreme Court either issues a decision on the merits of the petitioner's direct appeal or denies certiorari, or after the expiration of the 90-day period in which the petitioner could have filed a petition for a writ of certiorari," and holding that "the entry of judgment, and not the issuance of the mandate, is the event that starts the running of time for seeking Supreme Court review, within the meaning of Supreme Court Rule 13.3 and 28 U.S.C. § 2244(d)(1)(A)").

Here, the time for Cook to file a petition for certiorari expired on February 13, 2017, or ninety days after the Fifth DCA's denial of rehearing on November 14, 2016.[3] When Cook did not file a petition for writ of certiorari, his judgment and sentence became final the next day, February 14, 2017. His federal limitations period began to run on February 15, 2017, and he had until February 15, 2018, to file a federal habeas petition. Because Cook did not file the instant Petition until June 13, 2023, the Petition must be dismissed

[3] Because the ninetieth day fell on Sunday, February 12, 2017, Cook had until Monday, February 13, 2017, to file a petition for writ of certiorari. *See* Fed. R. Civ. P. 6(a)(1)(C).

as untimely unless he can avail himself of the statutory provisions that extend or toll the limitations period.

The limitations period was tolled on January 31, 2018, when Cook filed his original Rule 3.850 motion, and remained tolled until April 14, 2020, when the Fifth DCA dismissed his appeal of the denial of the amended Rule 3.850 motion. The next day, April 15, 2020, the limitations period commenced running and ran for fifteen days until it expired on April 30, 2020, without another properly filed motion to toll the limitations period. Because there was no time left to toll, any subsequent filings, including Cook's petition for a belated appeal filed almost two years later, did not affect the limitations period. *See Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) ("[O]nce a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas filing deadline does not revive it."); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition like [the petitioner's] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). In other words, because Cook's March 24, 2022 petition for a belated appeal was filed *after* the limitations period had expired on April 30, 2020, it did not toll that period. *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) (holding that because petitioner's belated appeal motion was not pending during the limitations period, it did not toll such period); *see also Melancon v. Kaylo*, 259 F.3d 401, 407 (5th Cir. 2001) ("At the point when the state limitations period expired, a petitioner is not entitled to further appellate review and, therefore, he has no application 'pending' in state court. A state court's subsequent decision to allow review may toll the time relating directly to the

application, but it does not change the fact that the application was not pending prior to the application. Thus, after the appeal period has lapsed, an application ceases to be pending but a subsequent properly filed application entitles the petitioner to additional tolling beginning at the time of the 'proper' filing."); *Fernandez v. Sternes*, 227 F.3d 977, 981 (7th Cir. 2000) ("State processes ended when the time to seek further review expired. They may be revived, but the prospect of revival does not make a case 'pending' in the interim."); *Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000) ("The state court's grant of leave to appeal out of time cannot erase the time period during which nothing was pending before a state court.").

Also, a petition for a belated appeal in a Florida state court is not a "properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim," 28 U.S.C. § 2244(d)(2), because it "does not reach the merits of the anticipated appeal or the validity of the order to be appealed." *See Espinosa v. Sec'y, Dep't of Corrs.*, 804 F.3d 1137, 1138–41 (11th Cir. 2015) (citing *Jones v. State*, 922 So. 2d 1088, 1090 (Fla. 4th DCA 2006)). As such, a petition for a belated appeal does not toll the one-year limitation period for filing a federal habeas petition. *See Espinosa v. Sec'y, Dep't of Corrs.*, 804 F.3d 1137, 1138–39, 1141 (11th Cir. 2015); *Danny v. Sec'y, Fla. Dep't of Corrs.*, 811 F.3d 1301, 1304 (11th Cir. 2016).

Because Cook's Petition is untimely filed, it must be dismissed unless he can establish either equitable tolling or actual innocence. Cook does not argue that he is entitled to equitable tolling and there are no allegations that would support due diligence or extraordinary circumstances beyond his control. *See Holland v. Florida*, 560 U.S. 631, 649 (2010); *Cadet v. Fla. Dep't of Corrs.*, 853 F.3d 1216, 1221 (11th Cir. 2017). Nor does

he claim actual innocence as a gateway to federal habeas review. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). As such, the Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

## IV. CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. Respondent's request to dismiss the case as untimely (Doc. 6) is **GRANTED**, and this action is **DISMISSED with prejudice**.
2. The Clerk of the Court shall enter judgment dismissing this case with prejudice, terminate any pending motions, and close the file.
3. If Cook appeals the dismissal of the case, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.[4]

**DONE AND ORDERED** in Jacksonville, Florida on August 11, 2026.

---

[4] The Court should issue a certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Here, after consideration of the record as a whole, the Court will deny a certificate of appealability.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-11
c:
Charles W. Cook, III, #V47170
Counsel of Record